EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| FIFTH THIRD BANK, | CASE NO. CV 09 698422 |
| Plaintiff, | JUDGE CAROLYN B. FRIEDLAND |
| v. | |
| MUELLER ELECTRIC COMPANY, | **ORDER APPOINTING RECEIVER** |
| Defendant. | |

This matter came on for consideration upon the Plaintiff's Motion to Appoint a Receiver, and, the Court being duly advised in the premises, and it appearing to the Court that good and sufficient grounds exist for the appointment of a receiver and the related relief contained herein, it is hereby ORDERED that:

1. Pursuant to Ohio Revised Code Section 2735.01 *et seq.*, James C. Bonvissuto, in his capacity as President of Business Improvement Group, Inc., is hereby appointed Receiver ("Receiver") for all of the personal property, real property, general intangibles, membership interests and all other assets and rights (the "Property") owned or used by the above-captioned Defendant (the "Defendant"). The Receiver shall serve without bond. In carrying out his duties as Receiver as set forth herein, Receiver shall act in the exercise of his own independent sound business judgment as he deems appropriate.

2. Receiver is qualified to act as Receiver in this case, and shall have primary responsibility for this receivership.

3. Receiver shall have the full power and authority of a receiver under Ohio Revised Code Section 2735.04, and other applicable law.

4. The Receiver shall take immediate possession, control, management, and charge of all of the Property, including, but not limited to, all furniture, fixtures, books,

{1784719:3}

1

records, equipment, accounting records, proceeds from any insurance or equipment, rights, title and interest in and to all bank accounts, all choses in action, causes of action and all other intangible personal property, all membership interests in any limited liability company, all inventory, all accounts receivables, all accounting records, all medications, licenses and other property of the Defendant, of whatever nature and wherever located, in the possession of Defendant and owned by the Defendant or in which Defendant has or asserts an interest, whether such assets are in the possession of the Defendant, Defendant's affiliates, or any of Defendant's officers, directors, shareholders, partners, members, attorneys, representatives, employees, or agents, or any other person or entity; and, such assets are hereby placed in *custodia legis* and are subject to the exclusive jurisdiction of this Court (the "Estate").

5. Receiver and his agents shall collect all profits and revenues generated from Defendant's assets and the personal property used in connection with Defendant's business operations; and, shall pay all necessary expenses relating to Defendant in its day to day business operations. The Receiver is hereby authorized to pay any and all regulatory and licensing fees.

6. Receiver has the explicit right to change locks and secure Defendant's assets as the Receiver deems necessary and appropriate under the circumstances.

7. The Receiver is authorized, but not directed, to continue to pay and honor obligations to Defendant's employees, including, without limitation: (a) unpaid compensation; (b) employee deductions; (c) employee benefits (including, without limitation, health insurance benefits, life and disability benefits, workers' compensation benefits, employee savings plan benefits, and other miscellaneous benefits); and (d)

reimbursable expenses, in accordance with Defendant's stated policies and in the ordinary course of Defendant's businesses.

8. Receiver has the authority to hire and pay for persons, consultants, entities, and agents to manage, sell, run or wind down the assets and day to day business operations of the Defendant.

9. Receiver has the authority to hire and pay for persons, consultants, entities, and agents to preserve, care for, and sell any or all of the Property, including, but not limited to, retention of necessary consultants and brokers to assist in the sale of the Property, including, without limitation, any membership interests in any limited liability company, if necessary.

10. Receiver has the authority to maintain or purchase insurance on the Property from any agent or carrier, of any type reasonably necessary. In addition, the Receiver has authority to: (a) pay pre-receivership insurance premiums necessary to maintain Defendant's insurance coverage; and (b) continue financing of insurance premiums on substantially the same terms as existed prior to the appointment of the Receiver, as the Receiver deems necessary or appropriate in his business judgment.

11. Receiver is hereby authorized to obtain, use, and maintain possession of any and all of Defendant's pre-receivership bank deposits, investment accounts, safe deposit boxes, special accounts, statutory accounts, petty cash or other depository accounts, lock box accounts, or accounts of any nature whatsoever (collectively, the "Accounts") made by or for the benefit of Defendant with any bank, savings and loan association, depository, financial institution, or other entity, wherever located (collectively, the "Banks"), and, upon approval of the Court, to distribute any proceeds

thereof. The Receiver may use Defendant's business forms in accordance with his duties under this Order. The Banks at which the Accounts are maintained are authorized and directed to continue to service and administer, without interruption, the Accounts as accounts under the control and supervision of the Receiver, and in their usual and ordinary course, receive, process, and pay any and all checks, drafts, wires, or automated clearing house transfers drawn on the Accounts after the appointment of the Receiver. Subsequent to the entry of this Order, the Banks at which the Accounts are maintained are prohibited from offsetting, freezing or otherwise impeding the use or transfer of, or access to, any funds deposited by the Defendant into the Accounts before or after the appointment of the Receiver without first obtaining either the prior written consent of the Receiver or an Order of this Court allowing such action. Nothing contained in this Order shall prevent the Receiver from opening or closing any bank accounts, as he may deem necessary and appropriate.

12. Receiver is hereby authorized to take whatever action is necessary to prepare the Property for sale and to preserve and maximize the value of the Property, subject to and consistent with the terms and conditions hereof, and to effectuate a transfer, assignment, or sale of the Property, or any part thereof, to a third-party purchaser or secured creditor that submits a credit bid for Defendant's assets, whether located in Ohio, in another state or in a foreign country.

13. Receiver is authorized, but not directed, to sell the Property in a public sale in order to pay Defendant's secured and unsecured indebtedness in accordance with the respective order of priorities of such obligations under applicable law. Prior to making a distribution to any creditor or accepting a credit bid for the purchase of any of

the Property by a creditor, Receiver shall independently analyze the documents and filings of such creditor to ascertain and verify (a) the validity, priority, and extent of such creditor's claimed security interest in the Property or claimed priority status; and (b) the amount of such creditor's claim. All distributions are subject to approval of the Court.

14. Receiver is hereby authorized, for the benefit of all of the Defendant's creditors and the Estate, to investigate, bring, prosecute, resolve, and defend claims and causes of actions to: (a) protect any of the Property, whether or not such property is located in Ohio; and (b) pursue avoidance of liens or other transfers of property and any other actions to pursue and recover property or monies for the benefit of Defendant's creditors, whether or not the action is brought in Ohio, another state or a foreign country. Receiver is further authorized to settle all claims, causes of action, accounts, insurance matters, and affairs of a like nature, upon such terms as he, in his discretion, deems most advantageous to the interests of Defendant's creditors.

15. Receiver is hereby authorized to perform under any existing contracts executed by the Defendant in connection with the Defendant's business operations where the Receiver determines that such performance will preserve and maximize the value of the Estate.

16. Receiver is authorized, but not directed, to wind down the corporate affairs of the Defendant, including, without limitation: (a) preparing and providing W-2 forms to former employees; (b) preparing final state, federal and local tax returns; (c) finalizing payroll and workers' compensation filings and records; (d) storing or abandoning corporate, employee and other records and files in accordance with

applicable law; (e) dissolving the business entity of the Defendant; and/or (f) other actions required to wind down the Defendant as a corporate entity.

17. Receiver shall be entitled to reasonable compensation to be paid from the Estate, upon prior approval of the Court, for services rendered and reimbursement of expenses incurred, including, without limitation, the reasonable fees and expenses of all attorneys, accountants, brokers, investment bankers, consultants, and other professionals or advisors engaged by Receiver, that are directly related to: (a) Receiver's duties, rights, and obligations under this Order, future orders of the Court or applicable law; (b) the sale, administration, management, protection, wind down, dissolution or liquidation of the Defendant or the Estate; or (c) the defense or prosecution of any claim or suit brought by or against Receiver or his agents. Compensation of Receiver shall be based upon his standard and normal billing rate, which is $200.00 per hour, plus reasonable and verifiable expenses. To the extent that: (y) the Estate's assets are not sufficient to pay in full the allowed and approved fees and expenses referenced in this paragraph; and (z) the Court approves a credit bid by one or more of the Defendant's secured creditor(s) for the purchase of all or substantially all of the Defendant's assets as the winning bid for such assets, the winning credit bidder(s) shall carve-out from its/their collateral an amount sufficient to pay in full the allowed and approved fees and expenses referenced in this paragraph.

18. Receiver may, upon receipt of an invoice in an amount he determines to be proper, submit the same for payment from the Estate without prior approval of the Court. Receiver shall describe such invoices and payments in the periodic reports to be filed with, reviewed, and approved by the Court. All such reports shall be served upon all

parties to this action, who shall be afforded the opportunity, according to local rules, to request a hearing thereon and to assert an objection thereto. With respect to seeking compensation and reimbursement of costs and expenses for Receiver himself, his agents, consultants, or legal counsel, Receiver shall describe such compensation, expenses, and reimbursements in monthly applications which shall be submitted to the Court for approval prior to payment, with notice to the Defendant and other parties requesting notice and service of pleadings in accordance with the Court's local rules, who shall, in accordance with local rules, have an opportunity to file a specific written objection thereto and to request a hearing thereon prior to approval.

19. Until the Property is sold or transferred by Receiver, the Receivership is terminated, or upon further Order of this Court, Receiver shall:

    (a)    Undertake all reasonable efforts to liquidate the Defendant or maintain and preserve the Defendant's business in accordance with applicable laws.

    (b)    Market the Property for sale, including providing any necessary information to prospective purchasers or credit bidders; and,

    (c)    Provide to this Court, the Plaintiff, the Defendant, and other parties that request service of papers in this case, on a periodic basis, no less frequently than every month, a report of all receipts and expenditures, a list of accounts receivable, accounts payable, and a report on efforts undertaken to: (i) operate or wind down the Defendant's business operations; (ii) obtain offers and continued contacts with prospective purchasers or credit bidders for the Defendant's Property; and (iii) any other relevant matters.

20. In the event Receiver receives an offer to purchase all or substantially all of the Property, including, without limitation, a credit bid by one or more of the Defendant's secured creditors, Receiver shall:

    (a)    Supply to the Plaintiff and the Defendant, as soon as possible, the following information:

      (i)     The identity of the offeror;

      (ii)    The proposed purchase price;

      (iii)   The Property proposed to be purchased; and

      (iv)   Any other significant terms and conditions relevant to the sale.

(b) Provide to the Plaintiff and the Defendant a copy of any offer or proposed letter of intent, and any other documents provided to Receiver.

21. If the Receiver determines, after having given the above-referenced parties an opportunity to provide comments, that an offer to purchase should be accepted, Receiver shall file a motion with this Court for approval of the proposed offer and shall give notice of the hearing to the Plaintiff, the Defendant, and other known creditors of the Defendant, in order that all such parties shall have an opportunity to be heard on the proposed sale. The proposed sale shall be by public sale and subject to higher and better bids for the Property, unless otherwise ordered by the Court.

22. Receiver is hereby authorized to employ legal counsel to assist him in the operation, liquidation or administration of the Estate and in furtherance of his duties, rights and obligations as Receiver under this Order without further order of this Court.

23. Receiver is hereby authorized to employ one or more accountants to assist him in the preparation of tax returns for signature and filing by the Defendant without further order of this Court. In addition, the Receiver is authorized to: (a) collect sales taxes from Defendant's customers; (b) directly incur other taxes, including, but not limited to, use and franchise taxes; and (c) collect certain taxes from Defendant's employees' wages (collectively, the "Trust Fund Taxes"). The Receiver may also charge Defendant's customers certain fees, licenses, permits, tolls, registrations, and other similar charges and assessments that were historically charged by Defendant, if any, in its

business operations (collectively, the "Pass-Through Fees"). The Receiver is further authorized to remit the Trust Fund Taxes and Pass-Through Fees monthly, quarterly or annually, as the case may be, to various taxing and licensing authorities as they become due under applicable law.

24. The Defendant, its affiliates, and any of its officers, directors, shareholders, partners, members, agents, employees and representatives, and any of Defendant's creditors, are hereby prohibited from taking any act for, against or on behalf of the Defendant without the prior written consent of the Receiver, interfering in any way with the acts of the Receiver, and from in any way, manner, or means, wasting, disposing of, transferring, selling, assigning, pledging, canceling, concealing, or hypothecating any of the books, records, computer hardware and software (including computer programs, data bases, disks and all other mediums), money, accounts, stocks, bonds, assets, notes, funds, accounts receivable, or other Property of the Defendant, whether real, personal, tangible, intangible or mixed, wherever situated, belonging to, owned by, in the possession of or claimed by the Defendant or the Receiver; and upon request of the Receiver or his agents, the foregoing persons and entities shall make available to the Receiver or his agents, all of the books, records, computer hardware and software (including computer programs, data bases, disks and all other mediums), Property and any other assets of the Defendant, shall disclose the nature, amount and location of any and all Property, books, computer hardware and software (including computer programs, data bases, disks and all other mediums), and records that are in any way, as determined by the Receiver in the exercise of his reasonable discretion, connected with the Defendant's businesses, and shall turn over all of such Property, computer hardware and

software (including computer programs, data bases, disks and all other mediums), to the Receiver forthwith. Nothing in this paragraph shall be deemed to require waiver of any attorney-client privilege or attorney work product protections.

25. The terms of this Order shall continue in full force and effect unless and until further order of this Court.

26. Receiver is hereby authorized, without further order of the Court, to take any and all actions and perform any and all things relating to the operation of the business of the Defendant as authorized by statute or other applicable law and not in conflict with this Court's orders.

27. Receiver shall not be liable for actions taken or decisions made in performing his duties under this Order that are based upon the exercise of reasonably prudent business judgment. Similarly, anyone engaged by the Receiver in connection herewith shall not be liable for actions taken or decisions made by them in performing their duties relating to this Order so long as such actions and decisions are based upon the exercise of reasonably prudent business judgment.

Date: 7-29, 2009

_____
JUDGE NANCY McDONNELL

RECEIVED FOR FILING

JUL 29 2009

GERALD E. FUERST, CLERK
By _____ Deputy

THE STATE OF OHIO } SS, I, GERALD E. FUERST, CLERK OF
Cuyahoga County    }     THE COURT OF COMMON PLEAS
                         WITHIN AND FOR SAID COUNTY,
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL _____
_____
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS _____
DAY OF _____ A.D. 20____
GERALD E. FUERST, Clerk
By _____, Deputy

{1784719:3}

10