UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| DAVID RYAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action: |
| | ) | No. 09-10653-JGD |
| v. | ) | |
| | ) | |
| SEARS, ROEBUCK and CO., | ) | |
| ACME ELECTRICAL CORPORATION, | ) | **LEAVE TO FILE** |
| and MUELLER ELECTRIC COMPANY, | ) | **GRANTED 6/3/2010** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| SEARS, ROEBUCK and CO. and | ) | |
| ACME ELECTRIC CORPORATION, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUELLER ELECTRIC COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____) | | |

## SECOND AMENDED COMPLAINT

**PLAINTIFFS CLAIM TRIAL BY JURY**

**JURISDICTION AND VENUE**

1.   This Court has diversity jurisdiction over this action pursuant to 28 U.S. Code §1332 (a)(1) as it is between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.   This Court has personal jurisdiction over the defendants because they have directly or by an agent transacted business in this Commonwealth, contracted to supply services or things in this Commonwealth, caused tortious injury in

this Commonwealth by acts or omissions in this Commonwealth, caused
tortious injury in this Commonwealth by acts or omissions outside this
Commonwealth while regularly doing or soliciting business in this
Commonwealth, and/or derived substantial income from goods used in this
Commonwealth.

3.     Venue properly rests in the District of Massachusetts pursuant to 28 U.S.
Code §1391(a)(2) because a substantial part of the events giving rise to the
plaintiffs' claims occurred in this district.

**THE PARTIES**

4.     The plaintiff, David Ryan, is an individual residing in Cotuit, Barnstable
County, Commonwealth of Massachusetts.

5.     The plaintiff, Cheryl Ryan, is an individual residing in Cotuit, Barnstable
County, Commonwealth of Massachusetts, and is the spouse of David Ryan.

6.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan,
PPA, by their mother and next friend, Cheryl Ryan, are the minor children of
David Ryan and are individuals residing in Cotuit, Barnstable County,
Commonwealth of Massachusetts.

7.     The defendant, Sears, Roebuck and Co., is a corporation duly organized by
law with a primary place of business in Hoffman Estates, Illinois and usual
places of business in multiple other locations, including Hyannis, Barnstable
County, where it solicits and does business in the Commonwealth of
Massachusetts.

8.     The defendant, ACME Electric Corporation, is a corporation duly organized
by law with a primary place of business in Tempe, Arizona, where it designs,
manufactures, and distributes certain products for sale by the defendant, Sears,
Roebuck and Co. in the Commonwealth of Massachusetts.

9.     The defendant, Mueller Electric Company, is a corporation duly organized by
law with a primary place of business in Akron, Ohio.  On April 14, 2010, the
Court granted the Defendants, Sears' and ACME's, Motion for Leave to File
and Serve a Third-Party Complaint against Mueller.  Upon information and

belief, Mueller was served on May 3, 2010.  A Notice of Appearance of counsel on Mueller's behalf was filed in Court on May 11, 2010.

## COUNT I

### (DAVID RYAN – NEGLIGENCE v. SEARS, ROEBUCK and CO.)

10.   The defendant was the designer, manufacturer, distributor and seller of a certain battery charger bearing serial/model numbers 608.718571 and A-128299 ("the subject battery charger") owned by the plaintiff, David Ryan's employer on or about November 13, 2006, on which date the plaintiff sustained multiple catastrophic, permanent personal injuries while working in Osterville, Barnstable County, Massachusetts, when, without warning, said battery charger emitted sparks igniting a vapor cloud caused by gasoline that had spilled seconds before several feet away, a plastic gas can, and the plaintiff's gasoline-soaked clothing.

11.   At all times referenced herein, the defendant was engaged in the business of designing, manufacturing, testing, analyzing, inspecting, marketing, promoting, advertising, distributing, labeling, selling, and issuing warnings relative to the use of battery chargers it sold for use by the general public.

12.   At all times referenced herein, the defendant had a duty to safely design, manufacture, test, analyze, inspect, market, promote, distribute, label, advertise, adequately warn about and sell the subject battery charger in such a manner that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured and sold.

13.   At all times referenced herein, the defendant knew or in the exercise of reasonable care should have known that the subject battery charger was not properly and safely designed, manufactured, tested, analyzed, inspected, marketed, promoted, advertised, distributed, labeled, and sold and that its users were provided inadequate warnings for the use and purpose for which it was intended in that, in part, it involved an inherently defective design resulting in an unreasonably high propensity to emit sparks in the course of

reasonably foreseeable use which would likely result in serious injuries to users such as the plaintiff.

14.     The defendant so negligently and carelessly designed, manufactured, tested, inspected, merchandised, marketed, advertised, promoted, distributed, labeled, sold, and provided warnings relative to the subject battery charger that it was a defective and unreasonably dangerous product unsafe for the use and purpose for which it was intended when it entered the stream of commerce and when it was used in reasonably foreseeable circumstances.

15.     At the time the defendant designed, manufactured, marketed, advertised, promoted, distributed, and sold the subject battery charger, it knew or reasonably should have known that it was inherently dangerous and defective and had an unreasonably high propensity to emit sparks in the course of reasonably foreseeable use.

16.     The multiple catastrophic, permanent personal injuries sustained by the plaintiff as a direct and proximate result of the defendant's negligence include but are not limited to third degree burns over more than 50% of his body, second degree burns over more than 20% of his body, inhalation burns, the burning away of his sweat glands and skin oil glands, stroke symptoms, Horner's Syndrome, memory loss, insomnia, and flashbacks.

17.     The plaintiff's injuries have required a broad range of medical treatments including but not limited to intubation and an induced coma from November 13, 2006 through December 19, 2006, multiple skin graft surgical procedures resulting in severely disfiguring, permanent scarring over most of his body at the sites of his severe burns and at various donor sites for skin grafts including his legs, both sides, both hands, both arms, back, stomach, chest, and head, neurological treatments for stroke symptoms, treatments for Horner's Syndrome, speech therapy, several months of inpatient hospitalizations, rehabilitative treatments, and treatments for insomnia and flashbacks. The plaintiff's treatments are ongoing and will require additional surgical procedures, medical and rehabilitative treatments, and hospitalizations in the future.

18.     As a direct and proximate result of the defendant's negligence in the design,
manufacture, testing, analyzing, inspecting, marketing, promoting,
advertising, distributing, labeling, failing to adequately warn about and sale of
the subject battery charger, the plaintiff has been caused to sustain the
catastrophic, disfiguring, permanent bodily injuries and damages outlined
above, has suffered and will continue to suffer for the remainder of his natural
life great pain of body and anguish of mind, has suffered and will continue to
suffer the inability to carry on the normal activities of his daily life, has
suffered the loss of enjoyment of his life, has had his earning capacity as a
commercial oyster farmer permanently impaired, and has been obliged and
will continue to be obliged to expend large sums of money for medical care
and treatment for the remainder of his natural life.

WHEREFORE, the plaintiff, David Ryan, demands judgment against the defendant,
Sears, Roebuck and Co., in a sum sufficient to compensate him for his damages plus
interest and costs.

## COUNT II
### (DAVID RYAN – BREACH OF WARRANTIES v.
### SEARS, ROEBUCK and CO.)

19.     The plaintiff, David Ryan, hereby repeats, re-avers, and incorporates herein by
reference the allegations contained in paragraphs 10 through 18 above.

20.     The defendant expressly and impliedly warranted that the subject battery
charger was of merchantable quality and fit for the purpose for which it was
intended.

21.     The plaintiff relied upon the express and implied warranties of the defendant
as a user of the subject battery charger which on the date of his injuries was
being used in a reasonably foreseeable and intended manner and for the
purpose for which it was intended under reasonably foreseeable
circumstances. The subject battery charger was, in fact, not safe, was unfit for
its intended purpose, and was not of merchantable quality as warranted by the

defendant as a result of which it proximately caused the plaintiff's catastrophic, permanent bodily injuries and damages as outlined above. Due notice of the defendant's breaches of warranties was provided to it prior to commencement of the within action.

22.     As a direct and proximate result of the defendant's breach of said express and implied warranties, the plaintiff sustained the catastrophic injuries and damages outlined above, has suffered and will continue to suffer for the remainder of his natural life great pain of body and anguish of mind, has suffered and will continue to suffer the inability to carry on the normal activities of his daily life, has suffered the loss of enjoyment of his life, has had his earning capacity as a commercial oyster farmer permanently impaired, and has been obliged and will continue to be obliged to expend large sums of money for medical care and treatment for the remainder of his natural life.

WHEREFORE, the plaintiff, David Ryan, demands judgment against the defendant, Sears, Roebuck and Co., in a sum sufficient to compensate him for his damages plus interest and costs.

## COUNT III

### (DAVID RYAN – PUNITIVE DAMAGES/ ATTORNEY'S FEES/COSTS GENERAL LAWS c. 93A v. SEARS, ROEBUCK and CO.)

23.     The plaintiff, David Ryan, hereby repeats, re-avers, and incorporates herein by reference the allegations contained in paragraphs 10 through 22 above.

24.     The defendant's acts and failures to act in its design, manufacture, testing, analyzing, inspecting, marketing, promoting, advertising, distributing, labeling, selling, and knowingly providing inadequate warnings relative to the subject battery charger constitute unlawful, unfair and deceptive acts in violation of **General Laws** c. 93A, §2 and §9, and an utter disregard for the safety of the general public including the plaintiff resulting in the plaintiff unknowingly using and working in the area of a dangerous, defective, and

unsafe product causing him to sustain his catastrophic, disfiguring,  permanent injuries and damages as outlined above.

25.     The defendant's violations of **General Laws** c. 93A, §2 and §9, include but are not limited to willfully and knowingly: (a) designing, manufacturing, marketing, advertising, promoting, distributing, and selling the subject battery charger in such a manner that it was likely to emit sparks and ignite a gasoline vapor cloud, a plastic gas can, and the plaintiff's gasoline-soaked clothing under the reasonably foreseeable circumstances that occurred in this case; (b) placing the subject battery charger into the stream of commerce despite evidence that it constituted an unreasonable risk of harm to individuals involved in such circumstances; (c) failing to make the subject battery charger safer by changing certain aspects of its design because to do so would increase its cost; (d) failing to properly test the subject battery charger to determine its propensity to emit dangerous sparks prior to placing it in the stream of commerce for purchase and use by the general public; (e) failing to warn the general public about the grave dangers posed by the subject battery charger during reasonably foreseeable circumstances such as those involved in the plaintiff's accident; (f) designing, manufacturing, marketing, advertising, promoting, distributing, and selling the subject battery charger for a purpose for which it was not safe, to wit, as a product capable of being safely used by the general public in a setting where a gasoline spill resulting in a gasoline vapor cloud was a reasonably foreseeable event; (g) failing to properly respond to consumer complaints by correcting safety defects; (h) failing to timely inform government agencies and the general public about the grave risks it knew were inherent in the subject battery charger after they were first known and after they were again confirmed by numerous accidents involving serious injuries; and (i) failing to recall the subject battery charger to avoid the cost of a major recall which recall would have prevented the plaintiff's accident and his catastrophic, disfiguring, permanent injuries.

26.     A demand letter under **General Laws** c. 93A, identifying the claimant and reasonably describing the unfair or deceptive acts or practices and the injuries

suffered, was mailed and delivered to the defendant at least thirty days before the filing of the within Complaint in accordance with the provisions of said statute, but the defendant failed to make a reasonable written tender of settlement as required. The defendant's refusal to grant relief upon demand constitutes bad faith with knowledge or reason to know that its acts or practices violated **G.L.** c. 93A, §2. Copies of said demand letter and proof of mailing in the form of a return receipt signed by the defendant are attached hereto as Exhibit A.

WHEREFORE, due to the defendant, Sears, Roebuck and Co.'s willful and knowing violations of **G.L.** c. 93A, the plaintiff, David Ryan, demands judgment against it in the sum of treble the amount of the judgment to be entered in the underlying negligence-breach of warranty Counts plus reasonable attorney's fees and costs incurred in connection with said action as provided for in **General Laws** c. 93A, §9 plus interest.

## COUNT IV

### (CHERYL RYAN – LOSS OF CONSORTIUM v. SEARS, ROEBUCK and CO.)

27.    The plaintiff, Cheryl Ryan, hereby repeats, re-avers, and incorporates herein by reference the allegations contained in paragraphs 10 through 22 above.

28.    As a direct and proximate result of the defendant's negligence and/or breach of warranties, the plaintiff has suffered and will continue to suffer the loss of her husband's consortium, companionship, society, services, affection, guidance, nurture, and protection.

WHEREFORE, the plaintiff, Cheryl Ryan, demands judgment against the defendant, Sears, Roebuck and Co., in a sum sufficient to compensate her for her damages plus interest and costs.

## COUNT V

## (CHERYL RYAN – PUNITIVE DAMAGES/ATTORNEY'S FEES/COSTS
## GENERAL LAWS c. 93A v. SEARS, ROEBUCK and CO.)

29.     The Plaintiff, Cheryl Ryan, hereby repeats, re-avers, and incorporates herein
by reference the allegations contained in paragraphs 10 through 22 and 27
through 28 above.

WHEREFORE, due to the defendant, Sears, Roebuck and Co.'s willful and
knowing violations of **G.L**. c. 93A, the plaintiff, Cheryl Ryan, demands judgment
against it in the sum of treble the amount of the judgment to be entered in her loss
of consortium Count plus reasonable attorney's fees and costs incurred in
connection with the said action as provided for in **General Laws** c. 93A, § 9 plus
interest.

## COUNT VI

## (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA –
## LOSS OF PARENTAL CONSORTIUM v. SEARS, ROEBUCK and CO.)

30.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan,
PPA, hereby repeat, re-aver and incorporate herein by reference paragraphs 10
through 22 above.

31.     As a direct and proximate result of the defendant's negligence and/or breach
of warranties, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and
Nathan Ryan, PPA, by their mother and next friend, Cheryl Ryan, have
suffered and will continue to suffer the loss of their father's parental society,
support, closeness, guidance, nurture, and protection.

WHEREFORE, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan
Ryan, PPA, demand judgment against the defendant, Sears, Roebuck and Co., in a
sum sufficient to compensate them for their damages plus interest and costs.

## COUNT VII

## (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA – PUNITIVE DAMAGES/ATTORNEY'S FEES, COSTS GENERAL LAWS c. 93A v. SEARS, ROEBUCK and CO.)

32.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, hereby repeat, re-aver, and incorporate herein by reference the allegations contained in paragraphs 10 through 22 and 30 through 31 above.

WHEREFORE, due to the defendant's willful and knowing violations of **G.L.** c. 93A, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, demand judgment against the defendant, Sears, Roebuck and Co. in the sum of treble the amount of the judgment to be entered in their loss of parental consortium Count plus reasonable attorney's fees and costs incurred in connection with the said action as provided for in **General Laws** c. 93A, § 9 plus interest.

## COUNT VIII

## (DAVID RYAN – NEGLIGENCE v. ACME ELECTRIC CORPORATION)

33.     The plaintiff, David Ryan, hereby repeats, re-avers, incorporates herein by reference and asserts against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 10 through 18 above.

WHEREFORE, the plaintiff, David Ryan, demands judgment against the defendant, ACME Electric Corporation, in a sum sufficient to compensate him for his damages plus interest and costs.

## COUNT IX

## (DAVID RYAN – BREACH OF WARRANTIES v. ACME ELECTRIC CORPORATION)

34.     The plaintiff, David Ryan, hereby repeats, re-avers, incorporates herein by reference, and asserts against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 19 through 22 above.

WHEREFORE, the plaintiff, David Ryan, demands judgment against the defendant, ACME Electric Corporation, in a sum sufficient to compensate him for his damages plus interest and costs.

## COUNT X

### (DAVID RYAN – PUNITIVE DAMAGES/ ATTORNEY'S FEES/COSTS
### GENERAL LAWS c. 93A v. ACME ELECTRIC CORPORATION)

35.     The plaintiff, David Ryan, hereby repeats, re-avers, incorporates herein by reference, and asserts against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 23 through 25 above.

36.     A demand letter under **General Laws** c. 93A, identifying the claimant and reasonably describing the unfair or deceptive acts or practices and the injuries suffered, was mailed and delivered to the defendant at least thirty days before the filing of the within Complaint in accordance with the provisions of said statute, but the defendant failed to make a reasonable written tender of settlement as required. The defendant's refusal to grant relief upon demand constitutes bad faith with knowledge or reason to know that its acts or practices violated **G.L.** c. 93A, §2. Copies of said demand letter and proof of mailing in the form of a return receipt signed by the defendant are attached hereto as Exhibit B.

WHEREFORE, due to the defendant, ACME Electric Corporation's willful and knowing violations of **G.L.** c. 93A, the plaintiff, David Ryan, demands judgment against it in the sum of treble the amount of the judgment to be entered in the underlying negligence-breach of warranty Counts plus reasonable attorney's fees and costs incurred in connection with said action as provided for in **General Laws** c. 93A, §9 plus interest.

## COUNT XI

## (CHERYL RYAN – LOSS OF CONSORTIUM v. ACME ELECTRIC CORPORATION)

37.     The plaintiff, Cheryl Ryan, hereby repeats, re-avers, incorporates herein by reference and asserts against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 10 through 22 above.

38.     As a direct and proximate result of the defendant's negligence and/or breach of warranties, the plaintiff has suffered and will continue to suffer the loss of her husband's consortium, companionship, society, services, affection, guidance, nurture, and protection.

WHEREFORE, the plaintiff, Cheryl Ryan, demands judgment against the defendant, ACME Electric Corporation, in a sum sufficient to compensate her for her damages plus interest and costs.

## COUNT XII

## (CHERYL RYAN – PUNITIVE DAMAGES/ATTORNEY'S FEES/COSTS GENERAL LAWS c. 93A v. ACME ELECTRIC CORPORATION)

39.     The Plaintiff, Cheryl Ryan, hereby repeats, re-avers, incorporates herein by reference, and asserts against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 10 through 22 and 27 through 28 above.

WHEREFORE, due to the defendant, ACME Electric Corporation's willful and knowing violations of **G.L**. c. 93A, the plaintiff, Cheryl Ryan, demands judgment against it in the sum of treble the amount of the judgment to be entered in her loss of consortium Count plus reasonable attorney's fees and costs incurred in connection with the said action as provided for in **General Laws** c. 93A, § 9 plus interest.

## COUNT XIII

### (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA – LOSS OF PARENTAL CONSORTIUM v. ACME ELECTRIC CORPORATION)

40.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, hereby repeat, re-aver, incorporate herein by reference, and assert against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 10 through 22 above.

41.     As a direct and proximate result of the defendant's negligence and/or breach of warranties, the plaintiffs Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, by their mother and next friend, Cheryl Ryan, have suffered and will continue to suffer the loss of their father's parental society, support, closeness, guidance, nurture, and protection.

WHEREFORE, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, demand judgment against the defendant, ACME Electric Corporation, in a sum sufficient to compensate them for their damages plus interest and costs.

## COUNT XIV

### (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA – PUNITIVE DAMAGES/ATTORNEY'S FEES, COSTS GENERAL LAWS c. 93A v. ACME ELECTRIC CORPORATION)

42.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, hereby repeat, re-aver, incorporate herein by reference and assert against the defendant, ACME Electric Corporation, the allegations contained in paragraphs 10 through 22 and 30 through 31 above.

WHEREFORE, due to the defendant, ACME Electric Corporation's willful and knowing violations of **G.L.** c. 93A, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, demand judgment against the defendant, ACME Electric Corporation, in the sum of treble the amount of the judgment to be entered in

their loss of parental consortium Count plus reasonable attorney's fees and costs incurred in connection with the said action as provided for in **General Laws** c. 93A, § 9 plus interest.

## COUNT XV
### (DAVID RYAN - NEGLIGENCE V. MUELLER ELECTRIC COMPANY)

43.     The defendant was the designer, manufacturer, distributor, and supplier of a certain metal clip, which it sold to ACME Electric Corporation for use as a component part of a certain battery charger manufactured by ACME in 1989 for Sears, Roebuck and Co. bearing serial/model numbers 608.71857 and A.128299 owned by the plaintiff, David Ryan's employer on or about November 13, 2006 on which date said plaintiff sustained multiple catastrophic, permanent, personal injuries while working in Osterville, Barnstable County, Massachusetts, when, without warning, said battery charger emitted sparks due to a failure of said clip igniting a vapor cloud caused by gasoline that had spilled onto his clothing seconds before several feet away, a plastic gas can, and his gasoline-soaked clothing.

44.     At all times referenced herein, the defendant was engaged in the business of designing, manufacturing, testing, analyzing, inspecting, marketing, promoting, advertising, distributing, labeling, selling, and issuing warnings relative to the use of metal clips that it sold for use by the general public.

45.     At all times referenced herein the defendant had a duty to safely design, manufacture, test, analyze, inspect, market, promote, distribute, label, advertise, adequately warn about, and sell the subject clip in such a manner that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, and sold.

46.     At all times referenced herein the defendant knew or in the exercise of reasonable care should have known that the subject clip was not properly and safely designed, manufactured, tested, analyzed, inspected, marketed, promoted, advertised, distributed, labeled, and sold and that its users were provided inadequate warnings for the use and purpose for which it was

intended in that, in part, it involved an inherently defective design resulting in an unreasonably high propensity to emit sparks in the course of reasonably foreseeable use, which would likely result in serious injuries to users such as the plaintiff.

47.　The defendant so negligently and carelessly designed, manufactured, tested, inspected, merchandized, marketed, advertised, promoted, distributed, labeled, sold, and provided warnings relative to the subject clip that it was a defective and unreasonably dangerous product, unsafe for the use and purpose for which it was intended when it entered the stream of commerce and when it was used in reasonably foreseeable circumstances.

48.　At the time the defendant designed, manufactured, marketed, advertised, promoted, distributed, and sold the subject clip, it knew or reasonably should have known that it was inherently dangerous and defective and had an unreasonably high propensity to emit sparks in the course of reasonably foreseeable use.

49.　The plaintiff hereby adopts, reavers, incorporates herein by reference, and asserts against the defendant, Mueller Electric Company, the allegations contained in paragraphs 16 and 17 above.

50.　As a direct and proximate result of the defendant's negligence in the design, manufacture, testing, analyzing, inspecting, marketing, promoting, advertising, distributing, labeling, failing to adequately warn about and sale of the subject clip, the plaintiff has been caused to sustain the catastrophic, disfiguring, permanent bodily injuries and damages outlined above, has suffered and will continue to suffer for the remainder of his natural life great pain of body and anguish of mind, has suffered and will continue to suffer the inability to carry on the normal activities of his daily life, has suffered the loss of enjoyment of his life, has had his earning capacity as a commercial oyster farmer permanently impaired, and has been obliged and will continue to be obliged to expend large sums of money for medical care and treatment for the remainder of his natural life.

WHEREFORE, the plaintiff David Ryan demands judgment against the defendant, Mueller Electric Company, in a sum sufficient to compensate him for his damages plus interest and costs.

## COUNT XVI
### (DAVID RYAN - BREACH OF WARRANTIES V.
### MUELLER ELECTRIC COMPANY)

51.     The plaintiff hereby adopts, reavers, incorporates herein by reference, and asserts against Mueller Electric Company the allegations contained in paragraphs 43 through 50 above.

52.     The defendant expressly and impliedly warranted that the subject clip was of merchantable quality and fit for the purpose for which it was intended.

53.     The plaintiff relied upon the express and implied warranties of the defendant as a user of the subject clip, which on the date of his injuries was being used in a reasonably foreseeable and intended manner and for the purpose for which it was intended under reasonably foreseeable circumstances.  The subject clip was, in fact, not safe, was unfit for its intended purpose, and was not of merchantable quality as warranted by the defendant as a result of which it proximately caused the plaintiff's catastrophic, permanent bodily injuries and damages as outlined above.  Due notice of defendant's breaches of warranty was mailed and delivered to it prior to the filing of the within Second Amended Complaint.

54.     The plaintiff hereby adopts, reavers, incorporates by reference, and asserts against Mueller Electric Company the allegations contained in paragraph 22 above.

WHEREFORE, the plaintiff, David Ryan, demands judgment against the defendant, Mueller Electric Company, in a sum sufficient to compensate him for his damages plus interest and costs.

**COUNT XVII**

**(DAVID RYAN - PUNITIVE DAMAGES/ATTORNEYS' FEES/COSTS**

**GENERAL LAWS c. 93A v. MUELLER ELECTRIC COMPANY)**

55.     The plaintiff, David Ryan, hereby repeats, re-avers, incorporates herein by
reference, and asserts against Mueller Electric Company the allegations
contained in paragraphs 43 through 54 above.

56.     The defendant's acts and failures to act in its design, manufacture, testing,
analyzing, inspecting, marketing, promoting, advertising, distributing,
labeling, selling, and knowingly providing inadequate warnings relative to the
subject clip constitute unlawful, unfair and deceptive acts in violation of
**General Laws** c. 93A, §2 and §9, and an utter disregard for the safety of the
general public including the plaintiff resulting in the plaintiff unknowingly
using and working in the area of a dangerous, defective, and unsafe product
causing him to sustain his catastrophic, disfiguring,  permanent injuries and
damages as outlined above.

57.     The defendant's violations of **General Laws** c. 93A, §2 and §9, include but
are not limited to willfully and knowingly: (a) designing, manufacturing,
marketing, advertising, promoting, distributing, and selling the subject clip in
such a manner that it was likely to emit sparks and ignite a gasoline vapor
cloud, a plastic gas can, and the plaintiff's gasoline-soaked clothing under the
reasonably foreseeable circumstances that occurred in this case; (b) placing
the subject clip into the stream of commerce despite evidence that it
constituted an unreasonable risk of harm to individuals involved in such
circumstances; (c) failing to make the subject clip safer by changing certain
aspects of its design because to do so would increase its cost; (d) failing to
properly test the subject clip to determine its propensity to emit dangerous
sparks prior to placing it in the stream of commerce for purchase and use by
the general public; (e) failing to warn the general public about the grave
dangers posed by the subject clip during reasonably foreseeable circumstances
such as those involved in the plaintiff's accident; (f) designing,
manufacturing, marketing, advertising, promoting, distributing, and selling the

subject clip for a purpose for which it was not safe, to wit, as a product capable of being safely used by the general public in a setting where a gasoline spill resulting in a gasoline vapor cloud was a reasonably foreseeable event; (g) failing to properly respond to consumer complaints by correcting safety defects; (h) failing to timely inform government agencies and the general public about the grave risks it knew were inherent in the subject clip after they were first known and after they were again confirmed by numerous accidents involving serious injuries; and (i) failing to recall the subject clip to avoid the cost of a major recall which recall would have prevented the plaintiff's accident and his catastrophic, disfiguring, permanent injuries.

58.     A demand letter under **General Laws** c. 93A, identifying the claimant and reasonably describing the unfair or deceptive acts or practices and the injuries suffered, was mailed and delivered to the defendant at least thirty days before the filing of the within Complaint in accordance with the provisions of said statute, but the defendant refused to accept delivery of said demand letter and failed to make a reasonable written tender of settlement as required. The defendant's refusal to grant relief upon demand constitutes bad faith with knowledge or reason to know that its acts or practices violated **G.L.** c. 93A, §2. Copies of said demand letter and proof of mailing in the form of a return receipt indicating the defendant's refusal to accept delivery are attached hereto as Exhibit C.

WHEREFORE, due to the defendant, Mueller Electric Company's willful and knowing violations of **G.L.** c. 93A, the plaintiff, David Ryan, demands judgment against it in the sum of treble the amount of the judgment to be entered in the underlying negligence-breach of warranty Counts plus reasonable attorney's fees and costs incurred in connection with said action as provided for in **General Laws** c. 93A, §9 plus interest.

## COUNT XVIII

## (CHERYL RYAN – LOSS OF CONSORTIUM
## v. MUELLER ELECTRIC COMPANY)

59.     The plaintiff, Cheryl Ryan, hereby repeats, re-avers, incorporates herein by reference, and asserts against Mueller Electric Company the allegations contained in paragraphs 43 through 54 above.

60.     As a direct and proximate result of the defendant's negligence and/or breach of warranties, the plaintiff has suffered and will continue to suffer the loss of her husband's consortium, companionship, society, services, affection, guidance, nurture, and protection.

WHEREFORE, the plaintiff, Cheryl Ryan, demands judgment against the defendant, Mueller Electric Company, in a sum sufficient to compensate her for her damages plus interest and costs.

## COUNT XIX

## (CHERYL RYAN – PUNITIVE DAMAGES/ATTORNEY'S FEES/COSTS
## GENERAL LAWS c. 93A v. MUELLER ELECTRIC COMPANY)

61.     The Plaintiff, Cheryl Ryan, hereby repeats, re-avers, incorporates herein by reference, and asserts against Mueller Electric Company the allegations contained in paragraphs 43 through 54 and 59 through 60 above.

WHEREFORE, due to the defendant, Mueller's Electric Company's willful and knowing violations of **G.L**. c. 93A, the plaintiff, Cheryl Ryan, demands judgment against it in the sum of treble the amount of the judgment to be entered in her loss of consortium Count plus reasonable attorney's fees and costs incurred in connection with the said action as provided for in **General Laws** c. 93A, § 9 plus interest.

## COUNT XX

## (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA – LOSS OF PARENTAL CONSORTIUM v. MUELLER ELECTRIC COMPANY)

62.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, hereby repeat, re-aver, incorporate herein by reference, and assert against Mueller Electric Company the allegations contained in paragraphs 10 through 22 above.

63.     As a direct and proximate result of the defendant's negligence and/or breach of warranties, the plaintiffs Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, by their mother and next friend, Cheryl Ryan, have suffered and will continue to suffer the loss of their father's parental society, support, closeness, guidance, nurture, and protection.

WHEREFORE, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, demand judgment against the defendant, Mueller Electric Company in a sum sufficient to compensate them for their damages plus interest and costs.

## COUNT XXI

## (MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA – PUNITIVE DAMAGES/ATTORNEY'S FEES/COSTS GENERAL LAWS c. 93A v. MUELLER ELECTRIC COMPANY)

64.     The plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, hereby repeat, re-aver, incorporate herein by reference, and assert against Mueller Electric Company the allegations contained in paragraphs 10 through 22 and 62 through 63 above.

WHEREFORE, due to the defendant's willful and knowing violations of **G.L.** c. 93A, the plaintiffs, Matthew Ryan, PPA, Nolan Ryan, PPA, and Nathan Ryan, PPA, demand judgment against the defendant, Mueller Electric Company, in the sum of treble the amount of the judgment to be entered in their loss of parental consortium

Count plus reasonable attorney's fees and costs incurred in connection with the said action as provided for in **General Laws** c. 93A, § 9 plus interest.

Plaintiffs,

By their Attorney,

/s/ John F. Finnerty, Jr.

John F. Finnerty, Jr.
BBO # 166540
Finnerty Law Offices
56 Bayberry Way
Osterville, MA 02655
(508) 428-1234
jff@finertylawoffices.com

Dated:  June 5, 2010

## <u>CERTIFICATE OF SERVICE</u>

Service of the within document is being made by the Court upon counsel of record by automatically generating and sending a Notice of Electronic Filing by e-mail to ECF users of record in this case.

/s/ John F. Finnerty, Jr.
John F. Finnerty, Jr.