UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:09-CV-10653-JGD

---

DAVID RYAN, CHERYL RYAN, MATTHEW RYAN, PPA, NOLAN RYAN, PPA, and NATHAN RYAN, PPA, by their mother and next friend, CHERYL RYAN,
    Plaintiffs,

v.

SEARS, ROEBUCK AND CO., ACME ELECTRIC CORPORATION and MUELLER ELECTRIC COMPANY,
    Defendants,

And

SEARS, ROEBUCK AND CO., and ACME ELECTRIC CORPORATION,
    Defendants/Third-Party Plaintiffs,

v.

MUELLER ELECTRIC COMPANY,
    Third-Party Defendant.

---

**PETITION FOR APPROVAL OF THIRD PARTY SETTLEMENT
PURSUANT TO MGL CH. 152 §15**

The Plaintiffs submit this Petition pursuant to MGL ch. 152 §15 and request the Court's approval of a settlement between David Ryan and all Defendants. The settlement includes, in part, a combined payment of $1,300,000 by Defendants and a reduction in the worker's compensation lien from $709,537.28 to $2,000.00.

## **PARTIES**

1.     The Petitioners include:

    a)    David Ryan, whose date of birth is 4/22/62;

    b)    Cheryl Ryan, whose date of birth is 10/16/61 and who is the spouse of David Ryan;

    c)    Matthew Ryan, whose date of birth is 7/5/89 and who is the son of David and Cheryl Ryan;

    d)    Nolan Ryan, whose date of birth is 9/13/91 and who is the son of David and Cheryl Ryan;

    e)    Nathan Ryan, acting by and through his Mother and Next Friend Cheryl Ryan, whose date of birth is 9/13/97.

2. The Respondent Defendants include:

    a)    Sears, Roebuck and Co.
    b)    ACME Electric Corporation; and
    c)    Mueller Electric Company

3. Though not a Respondent or a Defendant, the workers compensation insurer Farm Family Casualty Insurance Company ("Farm Family"), has a statutory interest in this action and is a signatory below to affirm its assent to this Petition.

## WORKPLACE INCIDENT

4. On November 13, 2006 David Ryan was employed by the Cape Cod Oyster Company. On that date, Farm Family insured the Cape Cod Oyster Company and its employees pursuant to M.G.L. ch. 152 for the purposes of workers compensation insurance.

5. On November 13, 2006 David Ryan sustained serious personal injuries while in the course of his employment for Cape Cod Oyster Company and while on his employer's premises. The injuries included, without limitation, second and third degree burns over more than 50% of his person ("Incident").

6. At the time of the Incident, David Ryan was unloading a marine pump from the bed of a pick-up truck. Nearby was a live battery charger connected to a marine battery. During the act of moving the marine pump, a container of gasoline was knocked over and a quantity of gasoline was caused to spill onto David Ryan and into the immediate vicinity.

The gasoline and/or the gasoline vapor ignited and the consequent flumes burned David Ryan.

## **INJURIES/DAMAGES**

7. As noted above, David Ryan sustained a set of second and third degree burns to his body. He was an in-patient at Mass. General Hospital from November 13, 2006 until January 4, 2007 where (a) he was placed in an induced coma until December 19, 2006, and (b) he underwent a series of graft procedures. David Ryan was transferred to the Spaulding Rehabilitation Hospital where he remained from January 4, 2007 to January 25, 2007. David Ryan was re-admitted to Mass. Gen. Hospital from January 4, 2007 – January 5, 2008, and in 2010 for additional graft procedures.

    David Ryan received outpatient follow up care from a rehabilitation hospital from February 2007 through November, 2007. David Ryan continues to treat on occasion with the burn doctors. It is possible that David Ryan will require additional procedures on his leg and arm.

8. David Ryan bears substantial disfigurement of his trunk, arms and legs.

9. David Ryan experienced the worst form of pain and suffering. He nearly was burned to death.

10. David Ryan earned $1,000 weekly as of the date of the Incident. He was totally disabled from work from November 13, 2006 until May 4, 2007. He returned to work part time on May 4, 2007 and returned to full time employment on November 5, 2007. Subsequently, he remained out of work from January 3, 2008 until February 4, 2008 due to the supplemental graft procedures at Mass. General Hospital.

11. If this action had gone to trial, then David Ryan would have claimed an impairment to his earning capacity in the amount of $41,000. Fortunately, that amount was not literally lost to David Ryan because of the workers compensation stipend and voluntary supplemental payment by his employer.

12. David Ryan incurred medical bills of at least $1,207,169. Due to the limits imposed by MGL ch. 152, Farm Family satisfied all of the medical bills and expenses by a gross payment of $630,322.44.

## **LIABILITY**

13. The liability issues are disputed. The Petitioners' experts would testify without limitation that:

    a) The gasoline vapors were ignited by a spark that emitted from a terminal on the marine battery being charged by the battery charger, and

    b) The spark was caused by a loose connection between the battery terminal and the clip that connected the battery charger to the terminal, and

    c) The loose connection was caused by a defect in the metal composition of the clip's spring that allowed the spring to lose tension and lose its gripping force.

14. The Defendants' experts, conversely, would testify without limitation, that:

    a) The ignition source was not a spark from the battery terminal and clip attachment, and

    b) There was not a defect in the metal composition of the spring, and

    c) Any malformation of the clip and spring is attributable to abuse of the product.

15. The Defendants also would be expected to offer evidence that:

    a) The clip and spring were at least 17 years old, and

    b) The loss of tension and gripping force in the clip and spring had manifested itself for at least one year prior to the Incident and David Ryan either had actual knowledge of the condition or should have known of the condition, yet continued to use the product, and

    c)       The root cause of the Incident was the spillage of the gasoline that resulted from David Ryan's inadvertent knock-over of the gasoline container when he removed the pump.

## SETTLEMENT AND DISTRIBUTION

16. The Defendants, as a group, are willing to pay a total of $1,300,000 to settle the entire case as to all Plaintiffs. The duo of Sears, Roebuck & Co. and ACME Electric Corp, are contributing $225,000. The Mueller Electric Company, by its insurer, is contributing $1,075,000.

17. Though Farm Family's statutory lien totals $709,537.28, Farm Family is willing to reduce the lien from $709,537.28 to $2,000.00 and is further willing to reduce the future Hunter offset from $304,300.13 to $152,150.06. In exchange, David Ryan is willing to enter into a lump sum agreement with Farm Family that will resolve his workers compensation claim for $1.00. Farm Family will remain obligated to fund medical expenses subject to the Hunter offset of $152,150.06.

18. The parties and Farm Family have agreed to the following protocol for distribution:

    a)       The Defendants shall deposit the gross sum of $1,300,000 with Fletcher Tilton PC on or before December 1 2011;

    b)       Fletcher Tilton PC shall disburse the $1,300,000 as follows:

        1)       Payment of $2,000.00 to "M. Theresa Roche, Esq. as Attorney for Farm Family";
        2)       Payment of $667,966.38 to David Ryan;
        3)       Payment of $400,000 in the form of legal fees incurred by Plaintiffs to be divided between Fletcher Tilton PC and John F. Finnerty, Jr. pursuant to their written agreement.
        4)       Payment of $230,033.62 to Fletcher Tilton PC in reimbursement for the expenses incurred in the prosecution of this case.

**PRAYER FOR RELIEF**

The Petitioners respectfully request that this Court exercise its discretion pursuant to MGL ch. 152 § 15 to approve the Third Party Settlement as contemplated herein.

                 Petitioners/Plaintiffs
                 By their counsel

Dated: November 2, 2011    s/William D. Jalkut
                 William D. Jalkut, Esquire (BBO#250020)
                 FLETCHER TILTON PC
                 370 Main Street
                 Worcester, MA  01608
                 Tel:   (508) 459-8045
                 Fax:  (508) 459-8345
                 Email: wjalkut@fletchertilton.com

Dated: November 2, 2011    s/ John F. Finnerty, Jr.
                 John F. Finnerty, Jr.
                 FINNERTY LAW OFFICES
                 800 Sea View Avenue
                 Osterville, MA 02655
                 Osterville Phone    508.428.1234
                 Boston Phone        617.737.3770
                 Osterville Fax         508.428.0660
                 E-mail                      jff@finnertylawoffices.com

Dated: November 2, 2011    s/ David Ryan
                 David Ryan

(Signatures continued on pg. 7)

**ASSENTED TO**

  The Respondents/Defendants hereby assent to this Petition and to the settlement without acknowledging the veracity or accuracy of the facts as set forth by Petitioners in the sections above titled Injuries/Damages and Liability.  In addition, the Defendants continue to deny any liability for the Incident as described above and note that settlement of this action does not imply any acknowledgement of wrongdoing.

              Sears, Roebuck & Co. and
              ACME Electric Corp.
              By their counsel,

Dated: November 2, 2011      s/ Alexandra B. Harvey
              Alexandra B. Harvey
              Adler, Cohen, Harvey, Wakeman and Guekguezian
              75 Federal Street
              Boston, MA  02110


              Mueller Electric Company
              By its counsel,



Dated: _____, 2011   _____
              Joseph M. Noone, Esq.
              Avery, Dooley Post & Avery, LLP
              90 Concord Ave.
              Belmont, MA  02478


              Farm Family Casualty
              Insurance Company
              By its Counsel,



Dated: _____   _____
              Therese M. Roche, Esquire
              Law Offices of Therese Roche
              171 Swanton Street, Suite 9
              Winchester, MA  01890

(Signatures continued on pg. 8)

                                         s/ Cheryl Ryan
                                         Cheryl Ryan

                                         s/ Matthew Ryan
                                         Matthew Ryan

                                         s/ Nolan Ryan
                                         Nolan Ryan

                                         s/ Nathan Ryan
                                         Nathan Ryan, by his Mother and
                                         Next Friend Cheryl Ryan

Dated: November 2, 2011